UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GLORIA S.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-86 RSM

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff appeals denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by rejecting her testimony, and the Court should consider a medical opinion issued after the ALJ's decision. Dkt. 10. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 59 years old, has a limited education, and has worked as a child monitor, retail salesperson, and money counter. Dkt. 8, Admin. Transcript (Tr.) 35-36. Plaintiff alleges disability as of January 2016. Tr. 29. Based on severe impairments of left tennis elbow (degenerative joint disease), leg numbness, and obesity, the ALJ found Plaintiff had the residual

functional capacity (RFC) to perform medium work, frequently handling with her left hand, but would be off task 10% of the day. Tr. 32, 33. The ALJ found Plaintiff was not disabled because she could perform her past work as a child monitor or retail salesperson or, in the alternative, could perform work available in significant numbers in the national economy. Tr. 35-38. The Appeals Council declined to consider a newly-submitted opinion by Plaintiff's treating provider, Annette Lund, ARNP, and denied Plaintiff's request for review. Tr. 1-3, 13-15.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.    Plaintiff's Testimony**

In a June 2018 hearing before the ALJ, Plaintiff testified to leg and arm pain and numbness, and the need to recline and elevate her feet for about half of an eight-hour workday. Tr. 69-70, 72-73. She works about one and a half hours per day and must take pain medication to do so. Tr. 70. The ALJ discounted Plaintiff's testimony based on improvement with conservative treatment and "mostly unremarkable" physical findings. Tr. 34-35. Plaintiff fails to challenge the reason of improvement with conservative treatment, which is a clear and convincing reason to discount her testimony. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008) (ALJ may discount claimant testimony when the record shows claimant "responded favorably to conservative treatment"). The Court concludes the ALJ did not err by discounting Plaintiff's testimony.

**B.    RFC Determination**

Plaintiff contends the ALJ erred by determining her RFC without support from any

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 2

1  medical opinion.  Dkt. 10 at 4-5.  The only medical opinion in the record before the ALJ was
2  from state agency nonexamining physician Greg Saue, M.D.  Tr. 124, 131.  In May 2017 Dr.
3  Saue opined Plaintiff had only one impairment, gout (causing leg pain and numbness), which
4  was not severe.  Tr. 130-31.  The ALJ gave this opinion "little weight," finding Plaintiff did have
5  severe impairments.  Tr. 35, 32.

6       An ALJ must assess RFC "based on all the relevant evidence in [the] case record," but
7  there is no requirement to base the RFC on one or more medical opinions.  20 C.F.R.
8  §§ 404.1545(a)(1), 416.945(a)(1).  Here, the ALJ explained how the record supported the RFC
9  determination.  Plaintiff was limited to medium exertion work based on her reports of leg and
10 arm pain, even though the ALJ discounted Plaintiff's testimony as to symptom severity because
11 medication reduced the pain.  Tr. 35, 34.  The ALJ explained Plaintiff "may be off task up to ten
12 percent of the workday due to pain."  Tr. 35.  And the ALJ limited Plaintiff's "left handling"
13 based on her testimony of left arm pain and weakness, but only to "frequently" because
14 medication improved the pain.  Tr. 35, 34 (citing Tr. 451).  The ALJ's RFC determination is
15 supported by the medical evidence and Plaintiff shows no error in the ALJ's reasoning.

16 **C.  New Evidence**

17      In a Request for Medical Opinion form dated January 2019, after the ALJ's October 2018
18 decision, Plaintiff's treating provider, Ms. Lund, opined Plaintiff could stand/walk and sit upright
19 less than two hours each per day and would need to recline less than two hours per day.  Tr. 14.
20 She could not use her arms at all for reaching, holding, handling, or manipulating, and would
21 miss at least three days of work per month.  Tr. 14-15.  Plaintiff contends the Court should
22 remand the case for reconsideration of this new evidence.  Dkt. 10 at 6.  While the Court must
23 consider evidence first submitted to the Appeals Council, such evidence is only material "if there

is a 'reasonabl[e] possibility that the new evidence would have changed the outcome of the ... determination.'" *Bruton v. Massanari,* 268 F.3d 824, 827 (9th Cir. 2001) (alterations and omission in original) (quoting *Booz v. Sec'y of Health & Human Servs.,* 734 F.2d 1378, 1380 (9th Cir. 1984)). Here, the Court concludes the newly submitted evidence is not material. Ms. Lund's opinion does not even rise to the level of significant probative evidence that an ALJ must address. *See Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (An ALJ "need not discuss *all* evidence presented to her. Rather, she must explain why 'significant probative evidence has been rejected.'" (alteration in original) (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)).

The ALJ was only required to address limitations arising from medically determinable impairments, which must be "shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1521, 416.921. But when asked if the opined limitations were based on any "clinically demonstrated impairments," Ms. Lund did not circle "Yes" or "No" and instead wrote "Needs EMG Testing[;] Needs a Physical Therapy Assessment." Tr. 15. Moreover, Ms. Lund's opinions were internally inconsistent, opining during an eight-hour workday Plaintiff could stand/walk two hours and sit less than two hours and would need to recline for less than two hours, leaving at least two hours per day completely undefined. Tr. 14. It would have been impossible for the ALJ to accept Ms. Lund's entire opinion.

Because there is no reasonable possibility that Ms. Lund's opinions would have changed the nondisability determination, they were not material. The Court concludes remand is not required.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 4

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 14th day of August, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE